## KESSLER v STATE

Ohio Appeals, 2nd Dist, Franklin Co

No 2521. Decided March 28, 1935

Alfred J. Henney, Columbus, Ralph W. Henney, Columbus, B. W. Gearhart, Columbus, and J. Byrne Bues, Columbus, for plaintiff in error.

Donald J. Hoskins, Prosecuting Attorney, Columbus, and Ralph J. Bartlett, Asst. Pros. Atty., Columbus, for defendant in error.

**OPINION**

By HORNBECK, J.

(1) E. C. Leslie, an examiner of questioned documents, testified that he and his father jointly had photographed State's exhibits J-A, J-B and J-C. A being a photograph of the note in question of the exact size and dimensions as the original. This photograph was taken under the light ordinarily employed in taking photographs. J-B and J-C were photographs taken with ultra-violet ray upon the note in question, B showing the note, the actual size thereof, and C enlarged two diameters.

The witness testified that the ultra-violet ray was a light of different properties than the light ordinarily employed in taking photographs; that it was a recognized form of photography; that the ultra-violet ray caused a reaction described as fluorescence, bringing out with more distinction than under the ordinary light any variation in detail of the writing, the ink or the substance upon which the writing was placed. Mr. Leslie qualified as an expert in photography. We are satisfied that the photographs were properly admitted and that they did not represent experiments conducted in the absence of the jury. Rogers v

Monroe, 26 O.C.C. (N.S.) 193; Cincinnati Traction Company v Harrison, 24 O.C.C. (N.S.) 1; annotation to Adams v Ristine, 31 A.L.R., 1431.

(2) The defence claims that upon the state of the record the court improperly submitted the question of the guilt of the defendant of the offenses charged. The case was predicated upon circumstantial evidence. Defendant was executor of the Adams and Kessler estates. Samuel Thompson was entitled to participate as a beneficiary in the Adams estate. Defendant sent a check to Thompson at Cleveland, Ohio, in the sum of $250.00, which was according to a letter written by the defendant to Mr. Thompson in the nature of an advancement to him on his share of the Adams estate  With the check there was enclosed a note which Mr. Thompson testified was in the sum of $250.00, which he signed and turned over to Mrs. Thompson, his wife, who testified it was for the sum of $250.00, and that she mailed it to the defendant at Columbus. This it is claimed by the State is the note afterwards altered upon which the indictment is predicated.

Judge McClelland of the Probate Court testifies that he had removed the defendant as executor of the Kessler estate; that subsequent thereto, in May, 1934, defendant came into court and in conversation with the judge said that he was ready to exhibit the assets of the Kessler estate, which he did. Among the assets noted at the time by the judge on a memorandum was a note, dated February 8, 1933, signed by Samuel Thompson, in the amount of $2200.00, which the evidence tends to show was the note upon which the indictment was returned. Careful examination of the exhibits is convincing that the note in controversy has been altered and supports the testimony of Leslie, the handwriting expert, that it was originally for the sum of $250.00 and had been raised to $2200.00. This is especially true as relates to the figures on the note. It is evident, also, that other alterations have been made. The defendant did not take the stand.

It is the contention of counsel for the defendant that the defendant could only have been found guilty by elimination from culpability of those other than the defendant who had had the instrument in their possession and who had opportunity to alter it and who testify that they did not alter it.

We are cited to the case of **Counts v State, 31 OLR, 328**, the syllabus of which is:

"A conviction of forging the signature to a court pleading is not sustained by a process of elimination of others than the defendant who handled the paper, where no expert testimony was offered as to the signature on the pleading being in the handwriting of the defendant, when many papers on file in the courts, which were admittedly signed by the defendant, afforded a ready means of comparison."

If this syllabus is the law, then the court in the instant case clearly erred in overruling the motion of the defendant for a new trial and possibly erred in overruling the motions for a directed verdict of acquittal.

It should be observed that the headnote epitomizes the opinion, which was written by one member of the court. The second member of the court concurred in the judgment only. There were two grounds of prejudicial error assigned in the opinion, one of which only is carried into the headnote; the other, error in the admission of testimony.

The third member of the court dissented upon two propositions, one of which is that which is set forth in the headnote to the case. The writer of the dissenting opinion says that it seems that the ground upon which the majority of the court reversed the case was that it was manifestly against the weight of the evidence. We are not satisfied that this was the ground, certainly not the only ground, upon which the case was reversed and could not determine the fact unless we had the judgment entry before us.

However, granting that the syllabus as carried in the case is the composite judgment of two members of the court, we are not in accord therewith but are inclined to the reasoning of the dissenting opinion. But, if the Counts case was reversed upon the weight of the evidence there are some differences between the testimony in that case and in the instant case. Mr. Counts took the stand, specifically denied that he had signed the forged name of Molnar to the pleading and explained from his standpoint the reasons why he did not sign.

In this case the defendant did not take the stand. The testimony of Mr. and Mrs. Thompson bears all the earmarks of truth. It would be counter to the interests of the Thompsons to draw any inference that they or anybody under their direction or control forged the note because the effect thereof was to bind Thompson to pay $2200.00 whereas the note that he signed in amount and form would only obligate him

to pay $250.00. The action of either of the Thompsons in altering the note would have been so manifestly against their interest as to almost conclusively rebut the theory that they had any part in its alteration.

That the note was originally for $250.00 is sustained by the letter signed "Maurice V. Kessler," upon his letterhead, dated January 17, 1934, addressed to Mr. Samuel Thompson, 14806 Sylvia Avenue, Cleveland, Ohio, in which it is stated that he will find check in the sum of $250.00 and requesting that he kindly sign and return the note to Mr. Kessler. Then, too, Judge McClelland's testimony, undenied and undisputed, is convincing that the note upon which the indictment is based was exhibited to him by the defendant in May, 1934, following January, 1934, when a note had been sent to Mr. Thompson for his signature. The note was then in the possession of the defendant and, of course, he must be chargable with knowledge that it was in the sum of $2200.00, payable to him as executor, signed by Samuel Thompson. There is no reasonable hypothesis upon which a conclusion could be based that there were two notes signed by Samuel Thompson, and it must be true almost to a point of demonstration that the $250 note changed to $2200.00 was the one and only note which Mr. Thompson signed.

It also appears that the defendant was in a dire situation with the court respecting his relationship as executor of the Kessler estate; had been removed and was put to the necessity of producing assets of that estate. This was accomplished by the use, in part at least, of the note in question.

All of these facts, in our judgment, are probative and taken as a whole are a proper basis for a determination that the defendant was guilty as charged in the indictment.

However, if the opinion of the judge in the Counts case should be the law controlling in this case, then it would only have application to the first count of the indictment, namely, the charge that the defendant forged and altered the note. He could have been guilty of altering and publishing a forged note though he were not properly found guilty of the first count in the indictment. That the note upon which the indictment is based was forged and altered seems proven beyond any doubt; that Mr. Kessler uttered and published it is conclusively shown by the testimony of Judge McClelland.

It would not, then, be prejudicial to the defendant had there been error respecting the first count of the indictment, as he was

properly convicted under the evidence on the second count.

(3) It is urged that the court erred in the following part of the general charge to the jury:

"And as to this question of the actual alteration, members of the jury, there are two theories, of course, by which one is charged with crime in this state. One is that he is charged as the principal, that he actually did the thing itself charged, that is that he actually altered the instrument; but our statutes in Ohio provide also that the aider and abettor may be charged equally with the principal. The statute provides that whoever aids, abets or procures another to commit an offense, may be prosecuted and punished the same as the principal offender."

Then follows definitions of "aid, abet and procure," and the court continues:

"Therefore, your question is whether or not the defendant either as principal or as aider and abettor altered or caused to be altered the instrument described."

And further in the charge:

"You may consider the fact that the defendant did not take the stand. That, of course, cannot supply any deficiency in the state's testimony, but you may consider whether his testimony on each material element—you may consider his failure to take the stand and give such weight to it as an implication as in your judgment you think proper."

Supporting the first claimed error in the charge we are cited to **Donald v State, 21 O.C.C. 124; Bram v State, 12 ABS 276; State v Driscoll, 32 O.N.P. (N.S.) 401.**

In Bram v State, supra, the theory of the court was that the principal and the aider and abettor could not be one and the same individual. This, no doubt, is true, but one may be prosecuted and found guilty under our statute as a principal offender though he be only an aider or abettor.

Under the charge of the court the jury had a right to find either that the defendant forged and altered the note himself or that he aided, abetted or procured another to do it. He could not do both but he could have done either and it was proper for the jury to say that he was chargeable as a principal offender though it may not have been convinced beyond a reasonable doubt that he himself forged and altered the instrument.

As the evidence developed it seems probable that the jury was on safe ground in saying that though it might not have appeared that the defendant himself altered and forged the instrument, if he did not do so he surely was chargeable with knowledge that it had been done and that he procured it to be done.

But again, although there had been error in permitting the jury to consider the question whether or not the defendant was chargeable as principal or aider and abettor in forging and altering the note, there was left the second count of the indictment, which charged that he uttered and published the note. The proof on this charge of the indictment was all to one effect, namely, that the defendant himself, not as aider and abettor but as principal uttered and published the altered and forged instrument, knowing it to be altered and forged.

We do not believe that it was erroneous for the court to charge as he did but if it had been it was not prejudicial error on this record

The charge of the court that the jury could consider the failure of the defendant to take the stand and give such weight to it as an implication as in its judgment it thought proper was qualified to the effect that the failure of the defendant to take the stand could not supply any deficiency in the state's testimony. The court had theretofore in the charge definitely put the burden upon the state to establish every material element of the offenses charged against the defendant beyond a reasonable doubt. In the light of this burden and in conjunction with the language employed in that part of the charge to which objection is made we do not believe it erroneous nor prejudicial. The only implication which the jury by normal processes could have drawn under the limits fixed by the court was that if the defendant could have effectively denied the testimony of the state his natural impulse would have prompted him to do so failing which the presumption would attend that he could not effectively meet the case which the state had made. The implication to be drawn by the jury could not strengthen the state's case though it no doubt weakened the defense.

The language of the charge was hastily chosen by the court after he had concluded his charge and at the request of counsel, it is not ideal but we do not believe it prejudicial.

Being of opinion that no error intervened to the prejudice of the defendant in the

trial of this case, the judgment will be affirmed.

KUNKLE, PJ, and BARNES, J, concur.

## MOTION TO CERTIFY OVERRULED

Decided April 15, 1935

By THE COURT

Submitted on motion of plaintiff in error to certify the record in this case to the Supreme Court of Ohio as being in conflict with the judgment of the Court of Appeals of Cuyahoga County as reported in **31 OLR, 328, Counts v The State.**

We discussed the Counts case in our decision and therein undertook to say that granted that the syllabus in the Counts case was the law, which we questioned, still it was not determinative of our judgment in the instant case. We see no sufficient reason to require us to change our viewpoint of the mater. We do not believe that there is such conflict in the judgment of this court in the instant case and the judgment of the court in Counts v State, supra, as would require certification. The motion will, therefore be overruled.

KUNKLE, PJ, BARNES and HORNBECK, JJ, concur.